791 F.2d 224
 Deyan Ranko BRASHICH, Plaintiff-Appellant,
v.
The PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Alan Sagner,
and John Doe # 1 through # 10 Inclusive, Names Being
Fictitious But to be Supplied at Completion of Discovery;
Roman Catholic Church of Our Lady of the Skies; the Council
of Churches of the City of New York, Inc., and the
International Synagogue and Jewish Center, Inc., Defendants-Appellees.
 No. 1090, Docket 80-7017.
 United States Court of Appeals,
Second Circuit.
 Argued April 25, 1980.
Decided April 28, 1980*
 
 Deyan Ranko Brashich, New York City (Jay D. Hashmall, Brashich and Finley, New York City; Edith Blumberg, New York City; Lee Boothby, Americans United for Separation of Church and State Fund, Berrier Springs, Md., of counsel), for plaintiff-appellant.
 Arthur P. Berg, New York City (Patrick J. Falvey, Milton H. Pachter, Sholem Friedman, Jay A. Selcov, New York City, of counsel), for defendants-appellees Port Authority of New York and New Jersey and Alan Sagner.
 Mitchell Salem Fisher, New York City (Kenneth D. Kemper, Ellen C. Kozminsky, Mitchell Salem Fisher & Kemper, New York City, of counsel), for defendant-appellee Intern. Synagogue and Jewish Center, Inc.
 John H. Kearney, Brooklyn, N.Y. (Denis M. Hurley, Kevin M. Kearney, Richard J. Cea, Hurley, Kearney & Lane, Brooklyn, N.Y., of counsel), for defendant-appellee Roman Catholic Chapel of Our Lady of the Skies at John F. Kennedy International Airport.
 George M. Duff, Jr., New York City (Holtzmann, Wise & Shepard, New York City, of counsel), for defendant-appellee Council of Churches of the City of New York, Inc.
 Before KAUFMAN, Chief Judge, OAKES, Circuit Judge, and TENNEY, District Judge.**
 PER CURIAM:
 
 
 1
 Deyan Brashich's trial before Judge Pierce ended in dismissal of his complaint on the merits and for lack of standing to sue. Brashich brought this suit to challenge the leasing of land at JFK Airport to three religious groups, for the purpose of constructing chapels. He claimed that the Port Authority of New York and New Jersey, which operates the airport, subsidizes the chapels in numerous ways, and that in any case, the erection of denominational houses of worship on public lands in the absence of residential necessity for the provision of such services constitutes a violation of the Establishment Clause.
 
 
 2
 The Third Circuit's recent decision in Americans United for Separation of Church and State, Inc. v. United States Department of Health, Education & Welfare, 619 F.2d 252 (3d Cir.1980)[1] casts substantial doubt upon the district court's determination that appellant lacks standing to sue. The court there held that alleged injury to a noneconomic concern for the separation of church and state conferred standing upon a nonprofit corporation dedicated to advancing this principle to challenge transfers of land by H.E.W. to religious groups at less than fair market value. See Anderson v. Salt Lake City Corp., 475 F.2d 29 (10th Cir.1973).
 
 
 3
 The judgment of the district court on the merits was fully supported by the evidence and correct as a matter of law. There is substantial evidence in the record to support the finding that "the Port Authority does not sponsor, subsidize or interfere with the religious groups which operate chapels at the Airport. Nor does it advise them on the conduct of their institutions." Moreover, there is no merit in appellant's claim that the availability of houses of worship in the vicinity of the airport renders the leases here at issue unconstitutional. While it is true that government may be required by the Free Exercise clause to accommodate religious practices on government property where no private chapel facilities are available, see Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972), no case has held that in the absence of such residential necessity, a governmental accommodation to religion, without subsidy or excessive entanglements, constitutes a violation of the Establishment Clause.
 
 
 4
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 Originally decided by summary order, 628 F.2d 1344
 
 
 **
 Of the Southern District of New York, sitting by designation
 
 
 [1]
 Because the case at bar, 628 F.2d 1344, was decided on April 28, 1980, by summary order, it did not have the appropriate citation to the case in the text. The proper citation is Americans United for Separation of Church and State, Inc. v. United States Department of Health, Education and Welfare, 619 F.2d 252 (3d Cir.1980), rev'd sub nom. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)